CLERK'S COPY

FILED
AT ALBUQUERQUE NM

JUN 1 5 1999

ROBERT M. MARCH
CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

RICHARD J. BALLUFF,

      Plaintiff,

v.

No. CIV-99-0563 MV/KBM

ROBERT J. PERRY,
Secretary of Corrections,
State of New Mexico, in
his official capacities
and individually;

JOHN SHANKS, Director
of Adult Prisons,
State of New Mexico,
in his official capacities
and individually;

DEPARTMENT OF CORRECTIONS,
STATE OF NEW MEXICO;

CORRECTIONS MEDICAL SERVICES, INC.,
SOUTHERN NEW MEXICO CORRECTIONAL
FACILITY;

CORRECTIONS CORPORATION OF
AMERICA, TORRANCE COUNTY,
NEW MEXICO;

COUNTY OF TORRANCE;

COUNTY OF TORRANCE, BOARD
OF COUNTY COMMISSIONERS;

TORRANCE COUNTY DETENTION
FACILITY, ESTANCIA, NEW MEXICO;

JEFF SERNA,
Classification Bureau Chief,
Department of Corrections,
State of New Mexico;

WILLIAM HENDRIX, Chief of
Classification, Southern
New Mexico Correctional
Facility;

DAN MORIARTY, Warden,
Torrance County Detention
Facility;

DON MEDINA, Medical Director,
Torrance County Detention
Facility;

DR. BALARJ S. DHILLON,
Medical Director,
Correctional Medical
Services, Inc., Southern
New Mexico Correctional
Facility;

et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER OF REMAND

This matter is before the Court *sua sponte* to consider the notice of removal (Doc. #1) filed May 19, 1999, by Defendant Torrance County Detention Facility ("TCDF"). At issue is the requirement of unanimity in the removal notice in federal-question actions involving multiple defendants. For the reasons below, this removed proceeding will be remanded.

Plaintiff's original complaint was filed April 21, 1999, in the New Mexico Seventh Judicial District Court and was received by Defendant TCDF April 30, 1999. The complaint, which names thirteen Defendants and comprises twenty-nine counts, is brought under 42 U.S.C. § 1983, the Americans with Disabilities Act, and the New Mexico Tort Claims Act. Plaintiff seeks damages. The removal notice is based on this Court's original jurisdiction of Plaintiff's claims under federal law. 28 U.S.C. §§ 1441(b) and 1446(a). TCDF's notice gives no indication whether any other Defendant had been served at the time

of removal, and the record indicates no filings by any other Defendant.

Because removal is sought by only one Defendant, the action must be remanded. As stated by the United States Court of Appeals for the Tenth Circuit, "The failure of all defendants to join in a removal petition renders the petition procedurally defective, and § 1447(c) requires that the district court remand the case." *FDIC v. OKC Partners, Ltd.*, 961 F.2d 219, 1992 WL 73005, at **4 (10th Cir. 1992) (unpublished table decision) (citing *Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981); *Sheet Metal Workers Int'l Ass'n v. Seay*, 693 F.2d 1000, 1005 n.8 (10th Cir. 1982); *and cf. Henderson v. Holmes*, 920 F. Supp. 1184, 1187 n.3 (D. Kan. 1996) (following majority rule "that in multi-defendant actions, the thirty-day period for removal commences for all defendants when service is accomplished on the first-served defendant.") (quoting *Ford v. New United Motors Mfg., Inc.*, 857 F. Supp. 707, 709 (N.D. Cal. 1994)). TCDF provides no indication that any other Defendant has joined in or consented to removal, and the notice "is considered defective if it fails to contain an explanation for the absence of co-defendants." *Scheall v. Ingram*, 930 F. Supp. 1448, 1449 (D. Colo. 1996) (quoting *Northern Ill. Gas Co. v. Airco Indus. Gases, A Division Of Airco, Inc.*, 676 F.2d 270, 273 (7th Cir. 1982)); *cf. Moosbrugger v. McGraw-Edison Co.*, 215 F. Supp. 486, 488 (D. Minn. 1963) (rejecting as unpersuasive claim that co-defendant's consent was difficult to obtain).

Furthermore, TCDF's attempted removal does not fit within the exceptions to the unanimity requirement. "There are exceptions to the rule requiring that all defendants join in the removal petition. One exception arises when a non-resident defendant has not been served at the time the removing defendants file their petition." *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985); *Scheall*, 930 F. Supp. at 1449 n.1 (diversity cases). This limited exception to the unanimity rule, which derives from requirements peculiar to diversity cases, has been applied by some courts in federal-question cases. *See, e.g., Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984). Even in the Ninth

3

Circuit, however, where the "unserved defendant" exception to unanimity has been applied in federal-question cases, a defendant who has actual notice of the action must join in the removal notice. *Schwartz v. FHP Int'l Corp.*, 947 F. Supp. 1354, 1363-64 (D. Ariz. 1996). Here, the removal notice merely states that Defendant TDCF received original process.

In the absence of a factual allegation that the other Defendants had no notice of this action, and without any explanation or argument by Defendant TDCF, the Court will not presume the consent of the other Defendants to removal. *See Henderson*, 920 F. Supp. at 1187 (express consent required); *McShares, Inc. v. Barry*, 979 F. Supp. 1338, 1342 (D. Kan. 1997) (all doubts resolved in favor of remand, and " 'one defendant's attempt to speak on behalf of another defendant will not suffice' ") (quoting *Landman v. Borough of Bristol*, 896 F. Supp. 406, 409 (E.D. Pa. 1995)); *and see Todd v. DSN Dealer Service Network, Inc.*, 861 F. Supp. 1531, 1535 (D. Kan. 1994) (attorney may only give consent of party represented). TCDF has made no showing that the other Defendants should be excused from joining in removal of this case. The removal notice is procedurally defective, § 1447(c), and this action will be remanded to the state court.

IT IS THEREFORE ORDERED that this action is REMANDED to the New Mexico Seventh Judicial District Court, County of Torrance.

_____
UNITED STATES DISTRICT JUDGE

4